UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID AUCOIN** | **CASE NO. 6:24-CV-00234** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CALEB AYMOND ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS PENALTY, PUNITIVE OR EXEMPLARY DAMAGES filed by defendants Caleb Aymond, Quentin Aymond, and Sheriff Charles Guillory. (Rec. Doc. 11). The motion is unopposed. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that Defendants' instant motion be GRANTED in part and DENIED in part.

### Factual Background

Named defendants in this suit are Caleb Aymond, Quentin Aymond ("Deputies"), and Sheriff Charles Guillory ("Sheriff"). This suit also names "John Roe and Jane Doe"—alleged to be uniformed law enforcement officers—and the Town of Mamou.[1] (Rec. Doc. 1 at ¶¶ 5-7). Plaintiff David Aucoin filed suit against these defendants, asserting claims for excessive force and false arrest under 42 U.S.C. § 1983 and Louisiana law. Aucoin further alleges a violation of the Louisiana Public Records Act, La. R.S. § 44:1, *et seq.* by the Sheriff. (*Id.* at ¶¶ 3–4).

Aucoin's suit arises from his arrest on or about February 21, 2023 in Mamou, Louisiana. Aucoin alleges he was on or "proximate to" the public sidewalk located on 6th Street between Main and Chestnut Streets engaged in conversation with his daughter and two of her friends

---

[1] The parties previously stipulated to the dismissal of all claims for punitive damages against defendant Town of Mamou. (*See* Rec. Doc. 10).

1

when Deputies, Defendant Roe, and Defendant Doe approached and instructed the group to leave.  Aucoin claims that these officers pushed him to the ground face first.  He alleges that an officer was on top of his back holding him down and he was handcuffed, after which he was maced in his eyes and nose.  (*Id.* at ¶ 10).  While other officers were present at the time of this arrest, Aucoin alleges none intervened to stop the clearly excessive force to which he was subjected.  (*Id.* at ¶ 11).  He was then transported to the Mamou police station and later released without being charged.  (*Id.* at ¶ 12).  The complaint alleges that Defendants' actions caused him physical damages, including abrasions, scrapes and eye pain, and emotional damages, including trauma, humiliation, and public embarrassment.  (*Id.* at ¶¶ 13–14).

Defendants, excluding Roe and Doe, answered and denied Aucoin's factual allegations.  (Rec. Doc. 3).   Defendants' instant motion seeks dismissal of Aucoin's claims for punitive damages under § 1983 and Louisiana law.  (Rec. Doc. 11).

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v.*

*Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."

3

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556).  *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## Analysis

Defendants' motion seeks dismissal of all claims for punitive damages against them under § 1983 and Louisiana law.  (Rec. Doc. 11-1).  As argued in the motion, it is firmly established that punitive damages are not available as against a municipality under § 1983.  *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981).  Claims against officials in their official capacities are, in reality, claims against the municipality by which they are employed.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In contrast, individual capacity claims against such officials do not operate against the municipality.  As such, punitive damages are an available remedy under §1983 as against Defendants in their individual capacities.  *Graham, supra* at 165 (citing *Smith v. Wade*, 461 U.S. 30 (1983)).  *See also Givs v. City of Eunice*, 2006 WL 1831528, at *1 (W.D. La. June 26, 2006) (denying motion to strike punitive damage claim as to mayor in individual capacity and noting that "the Supreme Court has recognized that punitive damages are recoverable against municipal employees when sued in their individual capacities pursuant to a § 1983 claim").

Defendants' motion does not differentiate between punitive damage claims against them in their official and individual capacities.  Review of Aucoin's Complaint reveals that he alleges Defendants' liability in their individual and official capacities.  (Rec. Doc. 1 at ¶ 7).  For this reason, the undersigned will recommend that Defendants' motion be granted in part, dismissing only those punitive damage claims under § 1983 asserted against Defendants in their official capacities.

Defendants' motion argues that Aucoin's Complaint does not state a claim under Louisiana law for which punitive or exemplary damages are available. (Rec. Doc. 11 at pp. 3–4). Louisiana law does not permit recovery of punitive or exemplary damages unless specifically provided for by statute. *Albert v. Farm Bureau Ins., Inc.*, 940 So. 2d 620, 622 (La. 2006). Aucoin's claims under LA. CIV. CODE ANN. art. 2315 are not included in those for which Louisiana law expressly provides the remedy of punitive or exemplary damages. *N.S. v. City of Alexandria*, 919 F. Supp. 2d 773, 784 (W.D. La. 2013) (punitive damages not available in excessive force claims under Louisiana law). Although not addressed directly by Defendants' motion, this Court also finds that Louisiana law does not provide for the recovery of punitive or exemplary damages under the Louisiana Public Records Act. *See*, La. R.S. 44:1 *et seq*. Accordingly, the undersigned will recommend that Defendants' motion be granted as to all claims for punitive damages under Louisiana law.

## Conclusion

For the reasons discussed herein, the Court recommends that Defendants' MOTION TO DISMISS PENALTY, PUNITIVE OR EXEMPLARY DAMAGES (Rec. Doc. 11) be GRANTED in part, such that all claims by Plaintiff David Aucoin for punitive damages under 42 U.S.C. §1983 against Caleb Aymond, Quentin Aymond, and Sheriff Charles Guillory in their official capacities be DISMISSED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). This Court further recommends that Defendants' instant motion be DENIED in part, such that all claims against Caleb Aymond, Quentin Aymond, and Sheriff Charles Guillory for punitive damages under 42 U.S.C. § 1983 in their individual capacities be preserved for further proceedings. Finally, this Court recommends that Defendants' instant motion be GRANTED in part, such that all Louisiana law claims for punitive damages against Caleb Aymond, Quentin Aymond, and Sheriff Charles Guillory be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 4th day of October, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**